## JAMES BUCHANAN HILL V. STATE

No. 27,098. November 3, 1954
Motion for Rehearing Denied (Without Written Opinion)
January 5, 1955
Petition for Writ of Certiorari Denied by Supreme Court of the
United States May 16, 1955; Filed May 21, 1955

*Charles W. Tessmer*, and *Whitley R. Sessions*, Dallas, for appellant.

*Jack C. Altaras*, District Attorney, Cleburne, and *Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is possession of a bomb; the punishment, five years in the penitentiary.

L. E. Smith testified that about 10 p.m. on December 6, 1952, near the Prescription Pharmacy, he saw two men standing between his automobile and an Oldsmobile; that both men ran, one going around the Oldsmobile and getting in the back seat thereof and the other man running around to the back of the Oldsmobile and around another automobile while stooped over and carrying a small bag, and then getting into the right front seat of the Oldsmobile; that he then inspected his automobile to determine if anything had been stolen therefrom; that he made a mental note of the license number of the Oldsmobile and left the scene; and that he notified the police officers, described the Oldsmobile and gave them its license number. He further stated that the bag shown him during the trial was about the size of the bag referred to above.

Harold Nelson testified that while on duty as a policeman for the city of Cleburne and accompanied by Policemen Kimbrell and Benson he had a conversation with the witness Smith about 10 p.m. on December 6, 1952, and then they saw two men near the Prescription Pharmacy and also the same automobile described to them by witness Smith with a man sitting under the steering wheel; that the officers turned around and, as they returned toward the Prescription Pharmacy, observed the Oldsmobile moving and saw the two men who were standing in front of the pharmacy get in the front seat of the Oldsmobile and drive away.

He further testified that they stopped the Oldsmobile about six blocks away and that appellant was driving with Glenn Roach seated in the middle of the front seat and Mack Barnes seated on the right front; that he could smell whiskey on the breath of each of them; that he saw a bag from the outside of the Oldsmobile on the right front floor board, removed it, and found a small cellophane bag in it and identified the substance contained in the cellophane bag as being nitroglycerin; that the bag he removed from the Oldsmobile also contained a wire with a detonating cap, a small wad of cotton, a wire with a detonated cap, a pair of cotton gloves, and an assortment of tools.

Officer Benson testified that when appellant was asked about the bag and its contents he stated that "the stuff belongs to me" and "I am just going to take it up here and give it to my relative, my cousin"; and Officer Kimbrell stated "I heard the man say he was taking the tools to a relative in Cresson."

Chemist Tullis, of the Texas Department of Public Safety, testified that he made several tests to determine if the substance was an explosive and the nature of the explosive and determined that it was capable of explosion and contained nitroglycerin. He further stated that the amount of the substance delivered to him could have caused death to a person and considerable damage to property.

Appellant, while testifying in his own behalf, stated that he was in his Oldsmobile, accompanied by Glenn Roach and Mack Barnes, when stopped by the police; that he had no knowledge of the zipper bag or its contents being in his automobile and at no time possessed nitroglycerin or a bomb. He denied telling the officers that the bag and its contents belonged to him and that he was taking them to some of his relatives.

The jury resolved the issues of fact against appellant and we find the evidence sufficient to support its verdict.

Appellant contends that the search of his automobile was made without probable cause and that the results of the search were not admissible in evidence because same were illegally obtained, there being no warrant for his arrest or search warrant for his automobile.

It was shown that appellant owned the Oldsmobile and that the officers did not have his consent to search it; that they had no warrant for his arrest or search warrant for the Oldsmobile.

On the issue of probable cause and in the absence of the jury, Officer Nelson stated that the witness Smith reported to him that two men near the Prescription Pharmacy were prowling, running around cars and were acting suspiciously and "were more or less sneaking around there, and squatting down, and concealing themselves, or their persons, around those cars there * * * that he figured they were stealing," and further that "they were probably getting these hub-caps and fender skirts * ** being stolen off of cars around here at the time."

We are of the opinion that the facts related to and known by Officer Nelson as detailed herein constituted sufficient probable cause to authorize the officers to stop and search appellant's automobile. The search being legal, the fruits thereof were admissible in evidence. Jones v. State, 122 Texas Cr. R. 344, 55 S.W. 2d 560.

Appellant complains of the failure of the court to define nitroglycerin in his charge to the jury.

We think that the word nitroglycerin is a word of such common usage and has such a well-recognized meaning as not to here require definition.

We find the evidence sufficient to show that the appellant possessed a collection of nitroglycerin which was capable of explosion and causing damage to persons and property.

Appellant contends that the court erred in refusing to give his special requested charge that if the substance in question consisted of dynamite or some other explosive substance other than a collection of nitroglycerin, then to find him not guilty.

We are unable to find any evidence to support the issue raised by said charge, thus no error is shown.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.