**James Ray JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36072.**

Court of Criminal Appeals of Texas.

Nov. 6, 1963.

E. Colley Sullivan, Charles E. Tobin (On Appeal Only), Phil Burleson, (On Appeal Only), Dallas, for appellant.

Henry Wade, Dist. Atty., Louis Francis, Mark Troy, Jr., and A. D. Bowie, Asst.

884

Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is carrying on or about his person a pistol; the punishment, one year.

Acting upon information which they had received, two policemen of the City of Dallas brought an automobile occupied by six colored males to a halt. The policemen testified that the appellant was the driver of the automobile and got out on the left hand side, while some of the other occupants emerged on the right hand side.

The pistol, which forms the basis of this prosecution, was discovered on the ground on the right hand side of the automobile. Another weapon was found on the ground on the right hand side of the automobile and still others under the back seat. Ammunition of the same caliber as the pistol was found in the automobile, but was not shown to have been near where appellant was seated or within his view.

We have concluded that the facts are not sufficient to support the conviction here alleged. Appellant was never shown to have exercised any control over the weapon or to have known of its presence or the presence of the ammunition in the automobile.

The State relies upon Hill v. State, 161 Tex.Cr.R. 540, 278 S.W.2d 842, which involved the possession of a bomb which was discovered on the front floorboard of the automobile driven by the appellant, and which was clearly within his view. In the case at bar, as in Summerville v. State, 164 Tex.Cr.R. 591, 301 S.W.2d 913, there were other occupants of the automobile, and the pistol was not shown to be in the custody or view of the accused, and it was not shown that he was aware of its presence therein.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.