Jesse Carl JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 57198.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 17, 1979.

Lane P. Arthur, Lubbock, court appointed, for appellant.

Alton R. Griffin, Dist. Atty., and William Everett Seymore, Asst. Dist. Atty., Lubbock, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

Jesse Carl Jackson appeals from his conviction for possession of a short-barrel firearm denounced by V.T.C.A., Penal Code, Section 46.06(a)(4). The jury assessed his punishment at five years.

Jackson contends that the court erred in allowing the State to introduce evidence which connected him with a planned robbery. He also argues that the evidence was insufficient to show either his possession of the weapon or that the weapon constituted a "short-barrel firearm."

Lloyd Brown, a Lubbock police officer, testified that he was working a stake-out at a 7–11 store on December 7, 1976. Around 11:00 p. m. he observed a green Pontiac with two people inside pass slowly by the store several times. The car eventually stopped near the store and the passenger exited. As he approached the store Brown observed a stocking on his head and an object about two and one-half feet long in his hands. The object appeared to be a weapon. The man stood outside the store and carefully peered in for several minutes. There were two customers in addition to the attendant in the store at the time. The man then returned to the car and left. Brown called for assistance and followed in his unmarked car for several miles. During this time he momentarily lost sight of the Pontiac as it turned corners in front of him. After other police cars joined Brown, one of them turned his lights and siren on and attempted to stop the Pontiac. The Pontiac jumped a curb. A chase of ten blocks ensued before police stopped the Pontiac. Brown identified Jackson as the passenger of the car.

Gary Satterfield, another Lubbock police officer, testified that he went to assist Brown. Satterfield turned his lights and siren on and attempted to stop the Pontiac. As the Pontiac sped off, he gave chase. In the 400 block of Avenue G a long object, about twenty inches in length, was thrown from the Pontiac. In the 700 block of Fifth Street, cloth material was thrown from the car. Satterfield apprehended Jackson and the car's driver and radioed other officers about the items he saw thrown from the car.

Billy Brazell, a sergeant on the Lubbock police force, testified that he received Satterfield's information and went to the 400 block of Avenue G where he found a sawed-off shotgun. He identified the stocking and it was introduced into evidence.

■ Jackson contends the evidence fails to show that he possessed the shotgun. In a circumstantial evidence case such as this, the evidence must exclude every reasonable hypothesis except the guilt of the appellant. *Easley v. State,* 564 S.W.2d 742 (Tex.Cr. App.1978); *Suff v. State,* 531 S.W.2d 814 (Tex.Cr.App.1976).

Appellant relies upon *Jones v. State,* 371 S.W.2d 883 (Tex.Cr.App.1963), where we considered a similar claim dealing with the sufficiency of the evidence. Jones was convicted of possession of a pistol. He was driving a car with five passengers. After being stopped, everyone exited the vehicle. The pistol was found outside the car on the passenger's side. This Court held that because of the other passengers and the State's failure to show that the pistol was in Jones' custody or sight the evidence was insufficient.

■ In the case at bar the passenger of the Pontiac, who was later identified as Jackson, was observed carrying a long object, with a stocking over his head, peering into a 7–11 store. The object appeared to be a weapon. Once Jackson's car was asked to stop a chase ensued which ended only after a shotgun was thrown from the car. Unlike in *Jones,* appellant was seen with a long object which, given all the facts, could only reasonably be the shotgun which was thrown from the car. The evidence was sufficient to show appellant's possession of the shotgun.

Jackson also argues that the State failed to prove that the shotgun was not an antique or curio firearm that was manufactured prior to 1899. Appellant was charged with possession of a short-barrel firearm. V.T.C.A., Penal Code, Section 46.06(a)(4). It is an affirmative defense to this charge that the short-barrel firearm was used "solely as an antique or curio." V.T.C.A., Penal Code, Section 46.06(d). But, as the appellant correctly points out, even though he did not rely upon the affirmative defense, the State must still prove its case. That case includes proving that the weapon in question was a firearm. The definition of "firearm" in V.T.C.A., Penal Code, Section 46.01(3), is as follows:

" 'Firearm' means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. Firearm does not include antique or curio firearms that were manufactured prior to 1899 and that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by this chapter."

It provides that ". . . antique or curio firearms that were manufactured prior to 1899" are not included in the definition. V.T.C.A., Penal Code, Section 46.06, was amended by Acts 1975, 64th Legislature, page 918, chapter 342, Section 15, and it retained the provision that the possession of a short-barrel firearm solely as an antique or curio is an affirmative defense.

V.T.C.A., Penal Code, Section 2.04, provides:

"(a) An affirmative defense in this code is so labeled by the phrase: 'It is an affirmative defense to prosecution. . . .'

"(b) The prosecuting attorney is not required to negate the existence of an affirmative defense in the accusation charging commission of the offense.

"(c) The issue of the existence of an affirmative defense is not submitted to the jury unless evidence is admitted supporting the defense.

"(d) If the issue of the existence of an affirmative defense is submitted to the jury, the court shall charge that the defendant must prove the affirmative defense by a preponderance of evidence."

The possession of a weapon as an antique or curio was not made an exception requiring the State to negate it. V.T.C.A., Penal Code, Section 2.03, provides:

"(a) A defense to prosecution for an offense in this code is so labeled by the phrase: 'It is a defense to prosecution. . . .'

"(b) The prosecuting attorney is not required to negate the existence of a defense in the accusation charging commission of the offense.

"(c) The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.

"(d) If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.

"(e) A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense."

■ The prosecuting attorney was not required to prove that the weapon was not an antique or curio.

■ Complaint is next made that the evidence concerning Jackson's activities at the 7–11 store and use of the nylon stocking was highly prejudicial and this prejudicial effect outweighed the evidence's probative value. Jackson contends that under *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App. 1972), this evidence, showing an extraneous offense, should have been excluded.

■ The facts and circumstances surrounding the commission of an offense are admissible to prove the guilt of the accused. *Williams v. State,* 535 S.W.2d 637 (Tex.Cr. App.1976); *Dunlap v. State,* 462 S.W.2d 591 (Tex.Cr.App.1971). A key portion of the State's proof that appellant possessed the weapon was provided by Brown's observation of appellant carrying a long object that appeared to be a weapon. Questions concerning the admission of evidence lie within the discretion of the trial court. *Williams v. State,* supra; *Lanham v. State,* 474 S.W.2d 197 (Tex.Cr.App.1971). The court did not abuse that discretion in admitting this evidence.

There is no reversible error. The judgment is affirmed.