NO. 07-01-0465-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 9, 2002



______________________________




MICHELLE ANDREW, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 96-423,104; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Upon a plea of not guilty, appellant Michelle Andrew was convicted by a jury of
aggravated assault with a deadly weapon and punishment was assessed at 20 years
confinement. By 15 issues, appellant contends (1) the evidence was legally and factually
insufficient to support the jury's finding she used a deadly weapon during the commission of
the offense; (2) she was denied effective assistance of counsel; (3) her 20-year sentence
constitutes grossly disproportionate or cruel and unusual punishment; (4) the trial court erred
in admitting evidence in violation of Tex. R. Evid. 401 and 404(b); and (5) the trial court abused
its discretion in failing to hold an evidentiary hearing on her amended motion for new trial. 
Based upon the rationale expressed herein, we affirm. 

 On the evening of August 8, 1996, appellant accosted the victim while they were
shopping at a local Wal-Mart store. After a brief exchange of "words," the two women, who
were not previously acquainted, parted and proceeded to separate aisles, but appellant
continued to shout obscenities directed at the victim. A few minutes later, the two women met
again in a main aisle of the store where appellant threatened bodily injury to the victim with a
sheathed knife. Several Wal-Mart employees observed the exchange and were successful
in dissuading appellant from committing any actual injury. Wal-Mart employees called the
police and escorted the victim to an office to await their arrival. When appellant completed her 
shopping and departed the store a Wal-Mart employee followed appellant to her vehicle,
where he obtained her license plate information. After a police investigation, appellant was
arrested. Following a jury trial, appellant was convicted of aggravated assault with a deadly
weapon and sentenced to 20 years confinement. We consider appellant's points of error in
logical rather than sequential order.

 By her first two points of error, appellant contends the evidence is legally and factually
insufficient to support the jury's finding that she used a deadly weapon during the commission
of the offense. We disagree. When both the legal and factual sufficiency of the evidence are
challenged, we must first determine whether the evidence is legally sufficient to support the
verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule
of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable
doubt that the defendant committed each element of the alleged offense. U.S. Const. amend.
XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen. Code Ann. § 2.01
(Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560, 573 (1979); Geesa v.
State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson v. State,
28 S.W.3d 570, 573 ( Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth
juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a
mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000)
(adopting complete civil factual sufficiency formulation); see also King v. State, 29 S.W.3d 556,
563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a
manifest injustice has occurred. Johnson, 23 S.W.3d at 12. In conducting this analysis, we
may disagree with the jury's determination, even if probative evidence supports the verdict,
but must avoid substituting our judgment for that of the fact finder. See Santellan v. State, 939
S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Because a knife is not a deadly weapon per se, the State was required to prove that,
in the manner of its use or intended use, it was capable of causing death or serious bodily
injury. Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon 1994). In addressing the issue of
manner of or intended use of knives, the Court of Criminal Appeals has stated

 [i]nstead the statute provides that a deadly weapon is "anything that in the
manner of its use or intended use is capable of causing death or serious bodily
injury." § 1.07(a)(17)(B) (emphasis in original). The provision's plain language
does not require that the actor actually intend death or serious bodily injury; an
object is a deadly weapon if the actor intends a use of the object in which it
would be capable of causing death or serious bodily injury. The placement of
the word "capable" in the provision enables the statute to cover conduct that
threatens deadly force, even if the actor has no intention of actually using deadly
force.


McCain v. State, 22 S.W.3d 497, 503 (Tex.Cr.App. 2000). Therefore an object is a deadly
weapon if the actor intends a use of the object in which it would be capable of causing death
or serious bodily injury." Id.

 By her testimony at the guilt-innocence phase, appellant admitted she carried a knife
during the incident. Although the actual knife used in the assault was not produced at trial,
witnesses testified that a knife produced by the State for demonstrative purposes was actually
smaller than the one appellant used in the assault. Three separate Wal-Mart employees and
the victim testified appellant had a sheathed knife and physically threatened the victim with it
from a close proximity while simultaneously verbally indicating intent to cut the victim. 
Appellant argues there was not sufficient evidence of what the sheath contained, possibly to
attack whether the knife was "used or exhibited" during the assault. The Court addressed
similar facts in McCain:

 Had the knife been completely concealed by appellant's clothing, additional facts
would have been needed to establish that the butcher knife was used. But the
knife was partially exposed, and from that exposure, the factfinder could
rationally conclude that the knife was exhibited during the criminal transaction,
or at least, that its presence was used by appellant to instill in the complainant
apprehension, reducing the likelihood of resistance during the encounter.


Id. Like McCain, here, witnesses testified a portion of the knife blade was protruding from the
sheath. For legal sufficiency purposes, the question is whether, "after viewing the evidence
in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. In
the present case the evidence adduced at trial was legally sufficient for a fact finder to
conclude that the "intended use" of the knife was for it be capable of causing death or serious
bodily injury, and that appellant used or exhibited the knife. Hence, the evidence was legally
sufficient to show appellant used or exhibited a deadly weapon under the circumstances. 
Moreover, considering appellant's admission and other factors, we are unable to conclude that
the evidence of guilt is so obviously weak as to undermine confidence in the fact finder's
determination. Accordingly, the evidence was also factually sufficient to show appellant used
or exhibited a deadly weapon under the circumstances. Points of error one and two are
overruled.

Amended Motion for New Trial Points


 By point of error eight, appellant contends the trial court abused its discretion in failing
to hold an evidentiary hearing on her amended motion for new trial supported by affidavit. By
point of error seven, she contends trial counsel rendered ineffective assistance by the
commission or omission of the acts set out in her affidavit attached to her amended motion
for new trial. We disagree. 

 Appellant was sentenced on October 31, 2001, and timely filed a motion for new trial
on November 5, 2001. Because no ruling was made on the motion within 75 days, it became
overruled as a matter of law on January 14, 2002 in accordance with Tex. R. App. P. 21.8(c). 
When appellant's motion for leave to file an amended motion for new trial was granted on
January 9, 2002, she filed an amended motion for new trial on the same day.

 Appellant's contentions address matters she contends were presented by her amended
motion for new trial, not her original motion for new trial. However, she did not file her
amended motion for new trial within 30 days as required by Tex. R. App. P. 21.4; see also
Prudhomme v. State, 28 S.W.3d 114, 118 (Tex.App.-Texarkana 2000, no pet.). As a result,
the untimely filed amended motion and the affidavit in support thereof were not before the trial
court. Accordingly, points of error seven and eight present nothing for review and are
therefore overruled. See Mallet v. State, 9 S.W.3d 856, 865 (Tex.App.-Fort Worth 2000, no
pet.). 

Ineffective Assistance Of Counsel Claims



 By points of error three and four, appellant contends she was denied effective
assistance of counsel in violation of the United States and Texas Constitutions, and by point
of error five claims this occurred at the punishment phase of trial. By point of error six, she
contends trial counsel rendered ineffective assistance by opening the door to extraneous bad
acts at the guilt-innocence and punishment phases of trial and by point of error twelve,
appellant contends counsel's failure to object to the State submitting a supplemental notice
of intent to use evidence of extraneous offenses less than five days prior to the trial constituted
ineffective assistance. We disagree.

 We review a claim of ineffective assistance of counsel by the standard set forth in
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
Strickland, a defendant must establish that (1) counsel's performance was deficient (i.e., fell
below an objective standard of reasonableness), and (2) there is a reasonable probability that
but for counsel's deficient performance, the result of the proceeding would have been
different, a reasonable probability being a probability sufficient to undermine confidence in the
outcome. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).

 The assessment of whether a defendant received ineffective assistance of counsel is
based on the facts of each case. Ex Parte Scott, 581 S.W.2d 181, 182 (Tex.Cr.App. 1979). 
Any allegation of ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness. McFarland v. State, 928 S.W.2d 482,
500 (Tex.Cr.App. 1996), cert. denied, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997). 
An appellate court looks to the totality of the representation and the particular circumstances
of each case in evaluating counsel's performance. Ex Parte Felton, 815 S.W.2d 733, 735
(Tex.Cr.App. 1991). However, it is possible that a single egregious error of omission or
commission by counsel constitutes ineffective assistance. Thompson v. State, 9 S.W.3d 808,
813 (Tex.Cr.App. 1999). After proving error, a defendant must also affirmatively demonstrate
prejudice. McFarland, 928 S. W.2d at 500. Any judicial review must be highly deferential to
trial counsel and avoid the deleterious effects of hindsight. Ingham v. State, 679 S.W.2d 503,
509 (Tex.Cr.App. 1984); see also Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). 
A strong presumption exists that defense counsel's conduct falls within a wide range of
reasonable representation. Strickland, 466 U.S. at 690; Dewberry v. State, 4 S.W.3d 735, 757
(Tex.Cr.App. 1999), cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). 

 In summary, by points of error three, four, five, six and twelve (2) appellant alleges counsel
was ineffective in the following particulars:

 (1) failing to ask questions during voir dire on punishment issues specific to
appellant's case.


 (2) opening the door during the guilt-innocence stage of the trial to extraneous
bad acts of appellant in the use of her knife.


 (3) opening the door during the punishment stage of the trial to extraneous bad
acts and matters in answer to appellant's statement that she had never hurt
anybody in her life.


 (4) failing to object to the State submitting a supplemental notice of intent to use
evidence of extraneous offenses less than five days prior to trial. However,
here, appellant does not reference the record which would demonstrate that
prejudice or harm resulted or cite authorities supporting her argument that had
an objection been made, it would not have been subject to trial court's
discretion.



 Regarding her first claim that counsel was ineffective for not asking questions during 
voir dire, because appellant originally elected to have her punishment fixed by the court, if
convicted, questions during voir dire would have been irrelevant. For this reason, the record
does not affirmatively demonstrate ineffectiveness of counsel.

 Appellant's second claim alleges that trial counsel was ineffective because she "opened
the door" during the guilt-innocence stage to appellant's extraneous bad acts in the use of a
knife. Also, by her third claim, she argues that counsel was ineffective during the punishment
phase for "opening the door" as to whether she had ever hurt anyone. Counsel's action in
"opening the door" to matters during trial is not ineffective assistance per se. Here, appellant
elected to testify at both phases of the trial and although she denied any assault, she admitted
that on the occasion in question, she did possess the knife. Accordingly, appellant presents
nothing to overcome the presumption that counsel's action was sound trial strategy. Jackson,
877 S.W.2d 768, 771 (Tex.Cr.App. 1994).

 By her fourth claim, appellant argues that trial counsel was ineffective for failing to
object to the State's filing a supplemental notice of intent to use evidence of extraneous
offenses less than five days prior to trial. The State's supplemental notice was filed with the
clerk and faxed to appellant's counsel on October 24, 2001, but the trial did not commence
until October 30. Because the record here fails to show why appellant's trial counsel did not
object to the supplemental notice, appellant has failed to rebut the presumption that this was
a reasonable decision. Thompson v. State, 9 S.W.3d 808, 814 (Tex.Cr.App. 1999). For all
of the reasons explained above, appellant's points of error three, four, five, six and twelve are
overruled. 

Evidence Rules 404(b), 401and 403



 By points of error nine and ten, appellant contends the trial court erred in admitting
evidence contrary to Rules 404(b) and 401 of the Texas Rules of Evidence. Also, by point
eleven, she contends that trial counsel rendered ineffective assistance by failing to make a
proper rule 403 objection to the evidence material to her points nine and ten. We disagree. 

 A timely and reasonably specific objection is required to preserve error for appellate
review. Tex. R. App. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994), cert.
denied, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). Where the alleged error
relates to the admission of evidence, a timely objection must be made stating the specific
ground of objection. Tex. R. Evid. 103(a)(1); Higgins v. State, 924 S.W.2d 739, 745
(Tex.App.-Texarkana 1996, pet. ref'd ). In addition, the objection at trial must comport with
the error complained of on appeal. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996),
cert. denied, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). 

 Whether evidence is admissible is within the sound discretion of the trial court. Jackson
v. State, 575 S.W.2d 567 (Tex.Cr.App.1979). Therefore, the standard of review for admission
or exclusion of evidence is abuse of discretion. Erdman v. State, 861 S.W.2d 890, 893
(Tex.Cr.App. 1993). A trial court does not abuse its discretion unless it has "acted arbitrarily
and unreasonably, without reference to any guiding rules and principles." Breeding v. State,
809 S.W.2d 661, 663 (Tex.App.-Amarillo 1991, pet. ref'd). As long as the trial court's ruling
was within the "zone of reasonable disagreement," there is no abuse of discretion and the trial
court's ruling will be upheld. See Rachal v. State, 917 S.W.2d 799, 807 (Tex.Cr.App.1996),
cert. denied, 519 U.S. 1043, 117 S.Ct. 614, 136 L. Ed.2d 539 (1996). But, if it cannot be
concluded from common reasonable experience that the evidence has a tendency to make
the existence of a fact of consequence more or less probable, then the trial court's decision
was not within the zone of reasonable disagreement and it abused its discretion. Id. 

 "Relevant evidence" is evidence that has any tendency to make the existence of any
fact that is of consequence to the determination of the action more probable or less probable
than it would be without the evidence. Tex. R. Evid. 401. Although relevant, evidence may
be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence. Tex. R. Evid. 403. Although evidence of other
crimes, wrongs or acts is not admissible to prove the character of a person in order to show
action in conformity therewith, it may be admissible for other purposes, such as proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident. Tex. R. Evid. 404(b). During the punishment phase of trial, article 37.07, section
3(a) governs the admission of evidence. Therefore, the discretion to admit or exclude
evidence is not absolute. Appellant complains of specific instances during the guilt-innocence
and punishment phases of trial where she contends the trial court should have excluded
evidence under Rules 401, 403, and 404(b). The evidence admitted during the guilt-innocence and punishment phases will be treated separately.

 During the guilt-innocence phase, appellant contends the following evidence should
have been excluded by the trial court:


 her interactions with investigating police
 an argument with neighbor
 incidents involving her dogs



 Appellant first contends that her pre-arrest interactions with the investigating officer
should have been excluded. During cross-examination by the State, appellant was questioned
about her pre-arrest interactions with the investigating officer, and counsel made a Rule 404
objection, but was overruled. Appellant testified she was generally cooperative and offered
a statement but the officer refused to take it. Later, the State offered the testimony of the
investigating officer without objection, by which he related the intractability of appellant in
cooperating with the investigation. The testimony of the officer was admitted without objection,
in response to appellant's version of events and is not contested here. Rather, appellant
contends this should have been a forbidden area of inquiry on cross-examination originally. 
We disagree.

 When a defendant testifies, she may not be cross-examined about any post-arrest
silence, unless it is first established that a post-arrest inconsistent statement was made. 
Turner v. State, 719 S.W.2d 190, 193 (Tex.Cr.App.1986). However, the State is permitted 
to inquire into a defendant's pre-arrest silence. Harris v. State, 866 S.W.2d 316, 320
(Tex.App.-San Antonio 1993, pet. ref'd) (citing Waldo v. State, 746 S.W.2d 750, 755
(Tex.Cr.App.1988); Mowbray v. State, 788 S.W.2d 658, 666 (Tex.App.-Corpus Christi 1990,
pet. ref'd), cert. denied, 498 U.S. 1101, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991); see also
Jenkins v. Anderson, 447 U.S. 231, 238-39, 100 S.Ct. 2124, 2129-30, 65 L.Ed.2d 86 (1980)). 
The Court of Criminal Appeals stated in Waldo that "[p]rearrest silence is a constitutionally
permissible area of inquiry." Waldo, 746 S.W.2d at 755. Thus, allowing this inquiry did not
constitute an abuse of discretion by the trial court.

 Next, appellant contends that the State's cross-examination of her about an argument
with a neighbor which occurred two days prior to the Wal-Mart incident was improper. In her
direct testimony, appellant offered a defensive theory of self-defense, contending she was not
an aggressive person, and that the neighbor's complaints about the dogs were unjustified. 
Once again, the State responded with rebuttal testimony from the neighbor. Because
appellant's testimony tended to create a false impression concerning her credibility, the State
was permitted to correct that false impression upon cross-examination. Ramirez v. State, 802
S.W.2d 674, 676 (Tex.Cr.App.1990).

 Appellant also complains of several instances during the punishment phase where she
contends the trial court should have excluded evidence. The rules governing admission of
extraneous evidence during the punishment phase are relaxed, and extraneous matters may
be admitted during the punishment phase so long as the trial court determines the evidence
to be relevant. Tex. Code Crim. Proc. Ann. art. 37.07 §3(a)(1) (Vernon Supp. 2003). A
review of the record from the punishment phase reveals that no evidence was admitted which
was not relevant to the issue of appellant's punishment, and thus there was no abuse of
discretion by the trial court in admitting this evidence. Points of error nine and ten are
overruled.

 By point of error eleven, appellant contends trial counsel rendered ineffective
assistance by failing to make proper Rule 403 objections to the evidence she complains of in
points of error nine and ten. Considering that the evidence was admissible as discussed
above, the omission of additional objections was not ineffective representation. Moreover, the
record does not reflect counsel's reasoning for failing to object, and thus appellant's ineffective
assistance claim is not sufficiently founded in the record nor does it affirmatively demonstrate
ineffectiveness. McFarland v. State, 928 S.W.2d at 500. Point of error eleven is overruled.

Cruel and Unusual Punishment


 By issues thirteen and fourteen, appellant contends her 20 year sentence is cruel and
unusual punishment under the United States and Texas Constitutions, and by issue fifteen
argues that the sentence violates the constitutional prohibition against grossly disproportionate
sentences. We disagree. Appellant's conviction for aggravated assault with a deadly weapon,
a second degree felony, carries a penalty of two to 20 years confinement. Tex. Pen. Code
Ann. § 12.33(a) and § 22.02(b) (Vernon 1994). A penalty imposed within the range of
punishment established by the Legislature should not be disturbed on appeal. Nunez v. State,
565 S.W.2d 536, 538 (Tex.Cr.App. 1978). Thus, appellant's 20-year sentence does not
constitute cruel and unusual punishment.

 An argument that punishment imposed is grossly disproportionate to the offense
survives under the Eighth Amendment apart from any consideration of whether the
punishment assessed is within the range established by statute. In our analysis, we are
guided by the criteria set forth in Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 77
L.Ed.2d 637 (1983). Those criteria are (1) the gravity of the offense and the harshness of the
punishment; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the
sentences imposed for the same offense in other jurisdictions. Id. We first compare the
gravity of the offense against the severity of the sentence in light of the harm caused or
threatened to the victim or society and the culpability of the offender. Only if we determine that
the sentence is grossly disproportionate to the offense do we consider the remaining two
Solem factors. Id. In the instant case, appellant was convicted by the jury of aggravated
assault with a deadly weapon. Testimony was elicited that appellant brandished a sheathed
knife and threatened bodily injury on not only this occasion, but others. Appellant was known
to carry the weapon with her at all times, and neighbors feared for their own safety as well as
for their children. Evidence indicated appellant's inability to be a law-abiding citizen, including
impeding the investigation of her crime, as well as a prior incident of resisting arrest. 
Considering appellant's history and the gravity of the crime, we conclude her 20-year sentence
is not grossly disproportionate to the offense. Points of error thirteen, fourteen, and fifteen are
overruled.

 Accordingly, the judgment is affirmed.



 Don H. Reavis

 Justice



Do not publish.





 





















 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Discussion of appellant's remaining ineffective assistance claim in point of error
eleven will be deferred to the discussion of points of error nine and ten, below.



>

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            Following a plea of true
to the State's Motion to Revoke Community Supervision which had been granted to
Appellant, Christopher Aldridge, upon his conviction for aggravated assault causing
serious bodily injury,[1]
the trial court revoked community supervision and sentenced him to five years
confinement and a fine of $1,824.25. 
When the clerk's record was filed on August 9, 2011, it came to this
Court's attention that the Trial Court's
Certification of Defendant's Right of Appeal contained in the clerk's record
is not signed by Appellant as required by Rule 25.2(d) of the Texas Rules of
Appellate Procedure.

Consequently, we abate this appeal and remand this cause to
the trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a proper Trial Court's Certification of Defendant's Right of Appeal in
compliance with Rule 25.2(d).  Once
properly completed and executed, the certification shall be included in a
supplemental clerk's record.  See
Tex. R. App. P. 34.5(a)(12).  The trial court shall cause the supplemental clerk's
record to be filed with the Clerk of this Court by September 26, 2011.  This order constitutes notice to all parties,
pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the
defective certification.  If a supplemental
clerk's record containing a proper certification is not filed in accordance
with this order, this cause will be referred to the Court for dismissal.  See Tex. R. App. P. 25.2(d). 

It is so ordered.

                                                                        Per
Curiam

Do not publish.

 

 











[1]Tex.
Penal Code Ann. § 22.02(a)(1) (West 2011).