NO. 07-01-0465-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 9, 2002

_____

MICHELLE ANDREW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 96-423,104; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Upon a plea of not guilty, appellant Michelle Andrew was convicted by a jury of aggravated assault with a deadly weapon and punishment was assessed at 20 years confinement. By 15 issues, appellant contends (1) the evidence was legally and factually insufficient to support the jury's finding she used a deadly weapon during the commission of the offense; (2) she was denied effective assistance of counsel; (3) her 20-year sentence

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

constitutes grossly disproportionate or cruel and unusual punishment; (4) the trial court erred in admitting evidence in violation of TEX. R. EVID. 401 and 404(b); and (5) the trial court abused its discretion in failing to hold an evidentiary hearing on her amended motion for new trial. Based upon the rationale expressed herein, we affirm.

On the evening of August 8, 1996, appellant accosted the victim while they were shopping at a local Wal-Mart store. After a brief exchange of "words," the two women, who were not previously acquainted, parted and proceeded to separate aisles, but appellant continued to shout obscenities directed at the victim. A few minutes later, the two women met again in a main aisle of the store where appellant threatened bodily injury to the victim with a sheathed knife. Several Wal-Mart employees observed the exchange and were successful in dissuading appellant from committing any actual injury. Wal-Mart employees called the police and escorted the victim to an office to await their arrival. When appellant completed her shopping and departed the store a Wal-Mart employee followed appellant to her vehicle, where he obtained her license plate information. After a police investigation, appellant was arrested. Following a jury trial, appellant was convicted of aggravated assault with a deadly weapon and sentenced to 20 years confinement. We consider appellant's points of error in logical rather than sequential order.

By her first two points of error, appellant contends the evidence is legally and factually insufficient to support the jury's finding that she used a deadly weapon during the commission of the offense. We disagree. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the

2

verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp. 2003); TEX. PEN. CODE ANN. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 ( Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we

may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Because a knife is not a deadly weapon *per se*, the State was required to prove that, in the manner of its use or intended use, it was capable of causing death or serious bodily injury. TEX. PEN. CODE ANN. § 1.07(a)(17)(B) (Vernon 1994). In addressing the issue of manner of or intended use of knives, the Court of Criminal Appeals has stated

> [i]nstead the statute provides that a deadly weapon is "anything that in the manner of its use or intended use is *capable* of causing death or serious bodily injury." § 1.07(a)(17)(B) (emphasis in original). The provision's plain language does not require that the actor actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury. The placement of the word "capable" in the provision enables the statute to cover conduct that threatens deadly force, even if the actor has no intention of actually using deadly force.

McCain v. State, 22 S.W.3d 497, 503 (Tex.Cr.App. 2000). Therefore an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury." *Id.*

By her testimony at the guilt-innocence phase, appellant admitted she carried a knife during the incident. Although the actual knife used in the assault was not produced at trial, witnesses testified that a knife produced by the State for demonstrative purposes was actually smaller than the one appellant used in the assault. Three separate Wal-Mart employees and the victim testified appellant had a sheathed knife and physically threatened the victim with it

4

from a close proximity while simultaneously verbally indicating intent to cut the victim. Appellant argues there was not sufficient evidence of what the sheath contained, possibly to attack whether the knife was "used or exhibited" during the assault. The Court addressed similar facts in *McCain*:

> Had the knife been completely concealed by appellant's clothing, additional facts would have been needed to establish that the butcher knife was used. But the knife was partially exposed, and from that exposure, the factfinder could rationally conclude that the knife was exhibited during the criminal transaction, or at least, that its presence was used by appellant to instill in the complainant apprehension, reducing the likelihood of resistance during the encounter.

*Id.* Like *McCain*, here, witnesses testified a portion of the knife blade was protruding from the sheath. For legal sufficiency purposes, the question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. In the present case the evidence adduced at trial was legally sufficient for a fact finder to conclude that the "intended use" of the knife was for it be capable of causing death or serious bodily injury, and that appellant used or exhibited the knife. Hence, the evidence was legally sufficient to show appellant used or exhibited a deadly weapon under the circumstances. Moreover, considering appellant's admission and other factors, we are unable to conclude that the evidence of guilt is so obviously weak as to undermine confidence in the fact finder's determination. Accordingly, the evidence was also factually sufficient to show appellant used or exhibited a deadly weapon under the circumstances. Points of error one and two are overruled.

5

**Amended Motion for New Trial Points**

By point of error eight, appellant contends the trial court abused its discretion in failing to hold an evidentiary hearing on her amended motion for new trial supported by affidavit. By point of error seven, she contends trial counsel rendered ineffective assistance by the commission or omission of the acts set out in her affidavit attached to her amended motion for new trial. We disagree.

Appellant was sentenced on October 31, 2001, and timely filed a motion for new trial on November 5, 2001. Because no ruling was made on the motion within 75 days, it became overruled as a matter of law on January 14, 2002 in accordance with TEX. R. APP. P. 21.8(c). When appellant's motion for leave to file an amended motion for new trial was granted on January 9, 2002, she filed an amended motion for new trial on the same day.

Appellant's contentions address matters she contends were presented by her amended motion for new trial, not her original motion for new trial. However, she did not file her amended motion for new trial within 30 days as required by TEX. R. APP. P. 21.4; *see also* Prudhomme v. State, 28 S.W.3d 114, 118 (Tex.App.–Texarkana 2000, no pet.). As a result, the untimely filed amended motion and the affidavit in support thereof were not before the trial court. Accordingly, points of error seven and eight present nothing for review and are therefore overruled. *See* Mallet v. State, 9 S.W.3d 856, 865 (Tex.App.–Fort Worth 2000, no pet.).

**Ineffective Assistance Of Counsel Claims**

By points of error three and four, appellant contends she was denied effective assistance of counsel in violation of the United States and Texas Constitutions, and by point of error five claims this occurred at the punishment phase of trial. By point of error six, she contends trial counsel rendered ineffective assistance by opening the door to extraneous bad acts at the guilt-innocence and punishment phases of trial and by point of error twelve, appellant contends counsel's failure to object to the State submitting a supplemental notice of intent to use evidence of extraneous offenses less than five days prior to the trial constituted ineffective assistance. We disagree.

We review a claim of ineffective assistance of counsel by the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).

The assessment of whether a defendant received ineffective assistance of counsel is based on the facts of each case. Ex Parte Scott, 581 S.W.2d 181, 182 (Tex.Cr.App. 1979). Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland v. State, 928 S.W.2d 482,

7

500 (Tex.Cr.App. 1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997). An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating counsel's performance. Ex Parte Felton, 815 S.W.2d 733, 735 (Tex.Cr.App. 1991). However, it is possible that a single egregious error of omission or commission by counsel constitutes ineffective assistance. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). After proving error, a defendant must also affirmatively demonstrate prejudice. *McFarland*, 928 S. W.2d at 500. Any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

In summary, by points of error three, four, five, six and twelve[1] appellant alleges counsel was ineffective in the following particulars:

(1) failing to ask questions during *voir dire* on punishment issues specific to appellant's case.

(2) opening the door during the guilt-innocence stage of the trial to extraneous bad acts of appellant in the use of her knife.

---

[1]Discussion of appellant's remaining ineffective assistance claim in point of error eleven will be deferred to the discussion of points of error nine and ten, below.

(3) opening the door during the punishment stage of the trial to extraneous bad acts and matters in answer to appellant's statement that she had never hurt anybody in her life.

(4) failing to object to the State submitting a supplemental notice of intent to use evidence of extraneous offenses less than five days prior to trial. However, here, appellant does not reference the record which would demonstrate that prejudice or harm resulted or cite authorities supporting her argument that had an objection been made, it would not have been subject to trial court's discretion.

Regarding her first claim that counsel was ineffective for not asking questions during *voir dire,* because appellant originally elected to have her punishment fixed by the court, if convicted, questions during *voir dire* would have been irrelevant. For this reason, the record does not affirmatively demonstrate ineffectiveness of counsel.

Appellant's second claim alleges that trial counsel was ineffective because she "opened the door" during the guilt-innocence stage to appellant's extraneous bad acts in the use of a knife. Also, by her third claim, she argues that counsel was ineffective during the punishment phase for "opening the door" as to whether she had ever hurt anyone. Counsel's action in "opening the door" to matters during trial is not ineffective assistance *per se.* Here, appellant elected to testify at both phases of the trial and although she denied any assault, she admitted that on the occasion in question, she did possess the knife. Accordingly, appellant presents nothing to overcome the presumption that counsel's action was sound trial strategy. *Jackson*, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994).

By her fourth claim, appellant argues that trial counsel was ineffective for failing to object to the State's filing a supplemental notice of intent to use evidence of extraneous

offenses less than five days prior to trial. The State's supplemental notice was filed with the clerk and faxed to appellant's counsel on October 24, 2001, but the trial did not commence until October 30. Because the record here fails to show why appellant's trial counsel did not object to the supplemental notice, appellant has failed to rebut the presumption that this was a reasonable decision. Thompson v. State, 9 S.W.3d 808, 814 (Tex.Cr.App. 1999). For all of the reasons explained above, appellant's points of error three, four, five, six and twelve are overruled.

### Evidence Rules 404(b), 401and 403

By points of error nine and ten, appellant contends the trial court erred in admitting evidence contrary to Rules 404(b) and 401 of the Texas Rules of Evidence. Also, by point eleven, she contends that trial counsel rendered ineffective assistance by failing to make a proper rule 403 objection to the evidence material to her points nine and ten. We disagree.

A timely and reasonably specific objection is required to preserve error for appellate review. TEX. R. APP. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994), *cert. denied*, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). Where the alleged error relates to the admission of evidence, a timely objection must be made stating the specific ground of objection. TEX. R. EVID. 103(a)(1); Higgins v. State, 924 S.W.2d 739, 745 (Tex.App.–Texarkana 1996, pet. ref'd ). In addition, the objection at trial must comport with the error complained of on appeal. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997).

10

Whether evidence is admissible is within the sound discretion of the trial court. Jackson v. State, 575 S.W.2d 567 (Tex.Cr.App.1979). Therefore, the standard of review for admission or exclusion of evidence is abuse of discretion. Erdman v. State, 861 S.W.2d 890, 893 (Tex.Cr.App. 1993). A trial court does not abuse its discretion unless it has "acted arbitrarily and unreasonably, without reference to any guiding rules and principles." Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.–Amarillo 1991, pet. ref'd). As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld. *See* Rachal v. State, 917 S.W.2d 799, 807 (Tex.Cr.App.1996), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 614, 136 L. Ed.2d 539 (1996). But, if it cannot be concluded from common reasonable experience that the evidence has a tendency to make the existence of a fact of consequence more or less probable, then the trial court's decision was not within the zone of reasonable disagreement and it abused its discretion. *Id.*

"Relevant evidence" is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403. Although evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

11

accident. Tex. R. Evid. 404(b). During the punishment phase of trial, article 37.07, section 3(a) governs the admission of evidence. Therefore, the discretion to admit or exclude evidence is not absolute. Appellant complains of specific instances during the guilt-innocence and punishment phases of trial where she contends the trial court should have excluded evidence under Rules 401, 403, and 404(b). The evidence admitted during the guilt-innocence and punishment phases will be treated separately.

During the guilt-innocence phase, appellant contends the following evidence should have been excluded by the trial court:

her interactions with investigating police
an argument with neighbor
incidents involving her dogs

Appellant first contends that her pre-arrest interactions with the investigating officer should have been excluded. During cross-examination by the State, appellant was questioned about her pre-arrest interactions with the investigating officer, and counsel made a Rule 404 objection, but was overruled. Appellant testified she was generally cooperative and offered a statement but the officer refused to take it. Later, the State offered the testimony of the investigating officer without objection, by which he related the intractability of appellant in cooperating with the investigation. The testimony of the officer was admitted without objection, in response to appellant's version of events and is not contested here. Rather, appellant contends this should have been a forbidden area of inquiry on cross-examination originally. We disagree.

12

When a defendant testifies, she may not be cross-examined about any post-arrest silence, unless it is first established that a post-arrest inconsistent statement was made. Turner v. State, 719 S.W.2d 190, 193 (Tex.Cr.App.1986). However, the State is permitted to inquire into a defendant's pre-arrest silence. Harris v. State, 866 S.W.2d 316, 320 (Tex.App.–San Antonio 1993, pet. ref'd) (citing Waldo v. State, 746 S.W.2d 750, 755 (Tex.Cr.App.1988); Mowbray v. State, 788 S.W.2d 658, 666 (Tex.App.–Corpus Christi 1990, pet. ref'd), *cert. denied*, 498 U.S. 1101, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991); *see also* Jenkins v. Anderson, 447 U.S. 231, 238-39, 100 S.Ct. 2124, 2129-30, 65 L.Ed.2d 86 (1980)). The Court of Criminal Appeals stated in *Waldo* that "[p]rearrest silence is a constitutionally permissible area of inquiry." *Waldo*, 746 S.W.2d at 755. Thus, allowing this inquiry did not constitute an abuse of discretion by the trial court.

Next, appellant contends that the State's cross-examination of her about an argument with a neighbor which occurred two days prior to the Wal-Mart incident was improper. In her direct testimony, appellant offered a defensive theory of self-defense, contending she was not an aggressive person, and that the neighbor's complaints about the dogs were unjustified. Once again, the State responded with rebuttal testimony from the neighbor. Because appellant's testimony tended to create a false impression concerning her credibility, the State was permitted to correct that false impression upon cross-examination. Ramirez v. State, 802 S.W.2d 674, 676 (Tex.Cr.App.1990).

Appellant also complains of several instances during the punishment phase where she contends the trial court should have excluded evidence. The rules governing admission of

13

extraneous evidence during the punishment phase are relaxed, and extraneous matters may be admitted during the punishment phase so long as the trial court determines the evidence to be relevant. TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a)(1) (Vernon Supp. 2003). A review of the record from the punishment phase reveals that no evidence was admitted which was not relevant to the issue of appellant's punishment, and thus there was no abuse of discretion by the trial court in admitting this evidence. Points of error nine and ten are overruled.

By point of error eleven, appellant contends trial counsel rendered ineffective assistance by failing to make proper Rule 403 objections to the evidence she complains of in points of error nine and ten. Considering that the evidence was admissible as discussed above, the omission of additional objections was not ineffective representation. Moreover, the record does not reflect counsel's reasoning for failing to object, and thus appellant's ineffective assistance claim is not sufficiently founded in the record nor does it affirmatively demonstrate ineffectiveness. McFarland v. State, 928 S.W.2d at 500. Point of error eleven is overruled.

**Cruel and Unusual Punishment**

By issues thirteen and fourteen, appellant contends her 20 year sentence is cruel and unusual punishment under the United States and Texas Constitutions, and by issue fifteen argues that the sentence violates the constitutional prohibition against grossly disproportionate sentences. We disagree. Appellant's conviction for aggravated assault with a deadly weapon, a second degree felony, carries a penalty of two to 20 years confinement. TEX. PEN. CODE

14

ANN. § 12.33(a) and § 22.02(b) (Vernon 1994). A penalty imposed within the range of punishment established by the Legislature should not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978). Thus, appellant's 20-year sentence does not constitute cruel and unusual punishment.

An argument that punishment imposed is grossly disproportionate to the offense survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by statute. In our analysis, we are guided by the criteria set forth in Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Those criteria are (1) the gravity of the offense and the harshness of the punishment; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the same offense in other jurisdictions. *Id.* We first compare the gravity of the offense against the severity of the sentence in light of the harm caused or threatened to the victim or society and the culpability of the offender. Only if we determine that the sentence is grossly disproportionate to the offense do we consider the remaining two *Solem* factors. *Id.* In the instant case, appellant was convicted by the jury of aggravated assault with a deadly weapon. Testimony was elicited that appellant brandished a sheathed knife and threatened bodily injury on not only this occasion, but others. Appellant was known to carry the weapon with her at all times, and neighbors feared for their own safety as well as for their children. Evidence indicated appellant's inability to be a law-abiding citizen, including impeding the investigation of her crime, as well as a prior incident of resisting arrest. Considering appellant's history and the gravity of the crime, we conclude her 20-year sentence

15

is not grossly disproportionate to the offense.  Points of error thirteen, fourteen, and fifteen are overruled.

Accordingly, the judgment is affirmed.

Don H. Reavis
Justice

Do not publish.