Keith Edward TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 544–85.

Court of Criminal Appeals of Texas, En Banc.

July 2, 1986.

Edgar A. Mason, Dallas, for appellant.

Henry Wade, Dist. Atty. and Constance M. Maher, Robert Phillips and Charles Mitchell, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

This is an appeal from a jury conviction for rape, a second degree felony. V.T.C.A.,

Penal Code Sec. 21.02(a) (repealed). The jury assessed appellant's punishment at confinement for twenty years and a fine of $10,000.00.

On appeal, the appellant argued that the prosecutor improperly referred to his post-arrest silence during cross-examination. The Court of Appeals agreed with the appellant that this action violated his constitutional rights. The Court of Appeals reversed appellant's conviction and remanded the cause for a new trial. *Turner v. State,* 690 S.W.2d 66 (Tex.App.—Dallas [5th] 1985).

We granted the State's petition for discretionary review to consider two grounds for review. First, whether the Court of Appeals erred in its ruling that the State's question as to the appellant's post-arrest silence violated his rights, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. The State urges that the Court of Appeals improperly extended the Supreme Court's holding in *Doyle v. Ohio,* 426 S.Ct. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) to this case, thereby violating the Supreme Court's holding in *Anderson v. Charles,* 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980). In the second ground for review, the State argues that the Court of Appeals erred by ruling that appellant's objections to the State's questions were sufficient, which was contrary to this Court's decisions that a trial objection must comport with the ground of error raised on appeal and must be timely and specific. We reverse the Court of Appeals' decision and remand to that Court.

The evidence at trial showed the chain of events that led up to the cross-examination of appellant, which is the subject of this appeal. On December 6, 1982, the victim in the instant case was raped. On March 28, 1983, appellant voluntarily went to the Dallas Police Department after he got off work. While there, he met with Officer Pat Herring to discuss the rape of the victim in the instant case. The appellant

was not under arrest. He told Herring that he didn't rape the victim and left the police department when the interview was concluded. On April 7, 1983, appellant voluntarily submitted to giving a sample of his blood to the representatives of the Dallas Police Department. Again, appellant was not under arrest, and left the lab after he gave the blood sample. On April 13, 1983, appellant was arrested at his home by Officer James Brigdon for the rape of the victim.

At trial, the appellant took the stand and testified in his own behalf, offering an alibi defense. Appellant claimed that he was watching Monday night football on television with some friends and family members when the rape occurred.

On cross-examination, the State asked the appellant if he had told Herring, prior to his arrest, about his defense of alibi. This cross-examination was not done in a direct and concise manner. The attorney for the State rephrased the question many times, and the appellant was non-responsive in his answers almost as often.[1] The appellant finally conceded that he never told Herring, at their meetings prior to his arrest, about his alibi.

However, the State's attorney did not confine his questions to the simple issue of whether or not the appellant told the police about his alibi prior to his arrest. The attorney for the State also asked appellant if "after that day, you—*while on bond—*told Officer Herring, *or any other law enforcement officer,* hey, you got the wrong man?" (Emphasis added). The attorney for the State clearly included the period after the arrest of the appellant within the time appellant did not tell the police about his alibi. Whether the attorney for the State intended to do so is beside the point.

■ We disagree with the State's first ground for review. In his brief before this Court, appellant urges this Court to apply the rule in *Sanchez v. State,* 707 S.W.2d

---

1. We refer the reader to the account of this cross-examination which was listed in the opin-ion of the Court of Appeals. *Turner,* supra, at 67–68.

575 (Tex.Cr.App.1986), to the instant case. In *Sanchez,* this Court held that post-arrest silence "cannot be considered inconsistent with defensive matters later raised at trial. Absent a showing of actual inconsistency, post-arrest silence is not probative as evidence of prior inconsistent conduct; therefore, impeachment through the use of such evidence is improper." In his cross-examination, the attorney for the State referred to the time following the arrest of the appellant ("while on bond") when he asked the appellant if he had told "any law enforcement officer" about his alibi.[2] The attorney for the State never proved that the appellant made a statement during that time which was actually inconsistent with the alibi he offered as a defense at trial. The trial court erred in permitting the attorney for the State to cross-examine the appellant regarding his post-arrest silence, without first establishing that appellant made an inconsistent statement during that time.

■ The attorney for the State was correct in his impeachment of the appellant through appellant's pre-arrest statements which failed to mention his alibi. The fact that the appellant failed to inform the police of his alibi on March 28 and April 7, 1983, when he had an opportunity to do so, and in circumstances in which he would be expected to speak out, was admissible to impeach the appellant at trial. *Cisneros v.*

*State,* 692 S.W.2d 78 (Tex.Cr.App.1985). Appellant's rights were not violated when he was impeached, after testifying in his own defense, with his silence prior to his arrest. *Cisneros,* supra, at 84.

However, because the attorney for the State questioned the appellant in reference to his post-arrest silence without first establishing the proper predicate, an error was committed. The State's first ground for review is overruled.

■ In the State's second ground for review, it is argued that the Court of Appeals erred in its ruling that the appellant's objections at trial were sufficient. We agree.

In its opinion, the Court of Appeals stated:

"From the vantage of hindsight, it is apparent that the objections could have been more artfully worded. However, we are mindful of the fact that defense counsel must balance the damage of reinforcing the harmful effect of the improper evidence on the jury by making a very explicit objection, against the danger of not preserving the error for review." *Turner,* supra, at 69.

The Court of Appeals cited no precedent for this ruling. There is none. The ruling runs counter to the holdings of this Court.

In *Cisneros,* supra, we held that "it is incumbent on defendant's counsel to voice

**2.** In her brief before this Court, the State's attorney on appeal referred us to the case of *Anderson v. Charles,* 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980). The holding of the Court in that case was not on point with the issue in the instant case. In *Anderson,* the State established that the defendant made a statement, after he was arrested and given his Miranda warnings, which was inconsistent with the testimony that he gave at trial. *Anderson,* supra, 100 S.Ct. at 2180. In the instant case, the attorney for the State never proved that appellant made a statement after his arrest while he was on bond which was inconsistent with the alibi defense offered at trial.

In *Anderson,* the prosecutor's initial questioning of the defendant (about his silence after his arrest) was somewhat ambiguous. The defendant's attorney on appeal made issue of this initial questioning. The Court ruled that, "we do not believe that the cross-examination in this

case can be bifurcated so neatly.... Any ambiguity in the prosecutor's initial questioning was quickly resolved by explicit reference to Detective LeVanseler's testimony." In that way, the prosecutor's questioning was determined to be intended to only elicit an explanation for a prior inconsistent statement.

In the instant case, the attorney for the State asked a question of the appellant which explicitly referred to the appellant's silence while on bond. There was little ambiguity in that question. What is more, the attorney for the State did nothing after that question to specifically limit it to the appellant's pre-arrest silence. Instead, the attorney for the State continued to ask general questions about the appellant's failure to give his alibi to any law enforcement officers at any time.

*Anderson,* supra, is not controlling in the instant case.

a timely and specific objection which allegedly infringed on the defendant's right to remain silent and not to gamble on a witnesses' answer. Further, when an objection is made, it must not only identify what is objected to but must set forth grounds for the objection." *Cisneros,* supra, at 83.

In the instant case, appellant's trial counsel failed to make timely objections each time the appellant was questioned regarding his post-arrest silence. At no time did he request a running objection to all questions put to the appellant on this matter.

Appellant's trial counsel also failed to identify exactly what he was objecting to and to specify the grounds for his objections. The proper ground would be that the questions were infringing on his client's right to not incriminate himself. Instead, appellant's trial counsel objected on the grounds that the attorney for the State was "trying to badger the witness" and was "bringing the jury into this personally", and that his client "has answered that question many times." These objections were insufficient. *Cisneros,* supra.

■ The last objection occurred during the following exchange:

"MR. PHILLIPS (for the State): And you knew from experience, that there is a Grand Jury in Dallas County, Texas.

"MR. HUDSON (for the Defense): Your Honor, I object to that.

"THE COURT: Sustained.

"MR. HUDSON: Move for a mistrial.

"THE COURT: Don't consider that question, ladies and gentlemen. Ask another question.

"MR. HUDSON: Note our exception.

"MR. PHILLIPS: In any event, these people over here in this jury—"

We note that after the trial court sustained the objection, the appellant never secured an adverse ruling to his motion for new trial. The appellant should have required the trial court to make a definite ruling on the record. *Evans v. State,* 622 S.W.2d 866 (Tex.Cr.App.1981), and *Stoner v. State,* 585 S.W.2d 750 (Tex.Cr.App.1979).

**3.** "I'll never admit to statements made after he

■ Also, the objection never specified any ground for the objection. Appellant argues that it was apparent that the trial court understood the grounds for the objection. However, it is unclear what the reason was for the trial court's sustaining the objection. It could have been sustained for any number of reasons. Perhaps if the ground for appellant's objection had at least risen to the level of the defendant's objection in *Samuel v. State,* 688 S.W.2d 492 (Tex.Cr.App.1985),[3] we could state that the record showed that the trial court sustained the objection for the same ground as was raised on appeal. The groundless objection was insufficient to preserve error. *Cisneros,* supra.

■ Also, the appellant had no opportunity to answer that question. The trial court instructed the jury to disregard, which rendered the error, if any, harmless. *Frison v. State,* 473 S.W.2d 479 (Tex.Cr.App.1971), and *Hawkins v. State,* 505 S.W.2d 578 (Tex.Cr.App.1974). The State's second ground for review is upheld.

We reverse the decision of the Court of Appeals and remand the case to them to consider appellant's other grounds of error.

CAMPBELL, J., concurs in the result.

CLINTON, J., dissents because a determination that error has been preserved is within the jurisdiction, power and authority of a court of appeals, and we should not review such a decision unless the court has "so far departed from the accepted and usual course of judicial proceedings ... as to call for an exercise of [this Court's] power of supervision." Tex. Cr.App. Rule 302(c)(6).

TEAGUE, J., dissents.

ONION, P.J., not participating.