NO. 12-04-00360-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

DONALD WAYNE COPE,                                §     APPEAL FROM THE 173RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     HENDERSON COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Donald Wayne Cope appeals his conviction for murder. After finding him guilty, the jury
assessed a sixty-year sentence. In a single issue, Appellant contends the State impermissibly
commented on his post-arrest silence. We affirm the trial court’s judgment.

Post-arrest Silence
            Appellant asserts that the trial court committed reversible error by overruling his objection
when the State commented on Appellant’s post-arrest silence. He complains that, on cross-examination, the prosecutor asked him if he told the officers at the scene that the victim was
attempting to get a shotgun out of his car. Appellant argues that, even if an exculpatory story is
totally implausible, when a prosecutor, in an attempt to impeach a defendant, links the implausibility
of a defendant’s exculpatory story to his seemingly inconsistent post-arrest silence, the error is
reversible. 
Applicable Law
            As a general rule, when a defendant voluntarily takes the stand before the jury, he is subject
to the same rules as any other witness in that he may be impeached, contradicted, and cross-examined as to new matters, and treated in every respect as any other witness testifying in his behalf,
except when there are overriding constitutional or statutory prohibitions. Jenkins v. Anderson, 447
U.S. 231, 235-38, 100 S. Ct. 2124, 2127-29, 65 L. Ed. 2d 86 (1980). Generally, the government may
not impeach a defendant’s exculpatory story, told for the first time at trial, by cross-examining the
defendant about his failure to have told the story at the time of his arrest. Doyle v. Ohio, 426 U.S.
610, 611, 96 S. Ct. 2240, 2241, 49 L. Ed. 2d 91 (1976). When the State seeks to impugn the
explanation of the defendant offered at trial by showing that the defendant failed to advance his
position at the time of the arrest, the State is essentially impeaching the defendant through the use
of prior inconsistent conduct. Sanchez v. State, 707 S.W.2d 575, 580 (Tex. Crim. App. 1986). An
arrestee is not expected to speak out while under arrest, and the fact that he does not do so should
not be used against him as evidence of prior inconsistent conduct. Id. at 581. Merely having the
opportunity to say something does not constitute a circumstance in which one would be expected to
speak out. Franklin v. State, 606 S.W.2d 818, 848 (Tex. Crim. App.1979) (op. on reh’g). However,
a defendant may be cross-examined about his post-arrest silence if it is first established that he made
a post-arrest inconsistent statement. See Turner v. State, 719 S.W.2d 190, 193 (Tex. Crim. App.
1986); Sanchez, 707 S.W.2d at 582.
Discussion
            Appellant complains of the following colloquy:
[Prosecutor]:Okay. Why did you put the gun in the back of your pickup if the victim
is laying over there by a .20 gauge shotgun in a car?
 
[Appellant]:Well, I was behind that pickup and I could still get to the gun, but I figured
that the police would want that gun sooner or later and I knew where I’d
put it.
 
[Prosecutor]:Did you tell the police when they arrived on the scene that there was a .20
gauge shotgun that belongs to the Defendant [sic] in the car?
 
[Appellant]:I really don’t know if I did or not.
 
[Prosecutor]:Do you think they would have put it in the report if you would have?
 
[Appellant]:Probably, yes.
 
[Prosecutor]:Do you think they would have tried to get it?
 
[Appellant]:I’m sure they would. They got mine.
 
[Prosecutor]:That’s really important Tower [sic] defense that the Defendant [sic] has a
.20 gauge shotgun ten feet away?


 
[Counsel]:You Honor, I’m going to object to being argumentative.
 
The Court:Overruled.
 
[Counsel]:That’s indirectly whether it’s important to our defense or not.
 
The Court:Overruled. Follow it up with a question, not a statement.
 
[Prosecutor]:You didn’t tell the officers on the scene –
 
[Appellant]:I don’t remember telling the officer about the gun, and I didn’t see – he
didn’t get the gun, he fell before he got the door open.
 
[Counsel]:Judge, I object to the line of questioning. I think it is clear from the video
that he invoked his right to remain silent and and [sic] he had a right to
remain silent and not make any statement, therefore any statement that he
makes cannot be used against him.
 
The Court:I think this is called cross-examination. Overruled.
 
[Prosecutor]:So is it your testimony you did or did not tell the officers, or you don’t
recall?
 
[Appellant] I did not tell him.
 
[Prosecutor]:You did not tell them?
 
[Appellant]:No.
 
            The State argues that Appellant gave up his right to remain silent and made statements to
police and neighbors regarding his thoughts and actions on the day of the shooting. The State placed
into evidence a videotape made at the scene. It shows Appellant and various officers standing by
the squad car that contains the camera. The audio portion is of very poor quality. However, it is
clear that although Appellant told the officers that he did not want to make a statement, he spoke
about the victim and the incident while waiting to be taken to jail. Appellant talked to the neighbors
across the street and to the officer standing next to him. He acknowledged that he was going to jail. 
He said he did not do anything wrong whatsoever. Appellant pointed out the woman whom the
victim had recently beaten. He explained that the victim was going to jump on him and Appellant
shot him. He said the victim had previously threatened to burn Appellant’s house and had knocked
the air conditioner out of the window of his house the day before this incident because the victim
wanted to pawn it. Appellant said he was just trying to protect his house and he did not do anything
wrong because he was protecting himself. He was nonchalant and chuckled at times on the video.
            We disagree that the State was commenting on Appellant’s post-arrest silence. Appellant
did not make a formal statement to police, but he did not remain silent. He made numerous
comments to anyone near enough to hear. He indicated that there was ongoing friction between him
and the victim. While he stated that he had to protect himself from the victim, with whom he had
been friends, his general attitude was one of being fed up with the victim’s behavior. Appellant said
nothing at the scene about believing the victim was trying to get a gun out of a car. At trial,
Appellant explained that he thought the victim was going to get a sawed-off .20 gauge shotgun out
of a car. Appellant wanted to make sure the victim did not get the gun and intended to shoot the
victim again if he was going for the shotgun. 
            Shooting someone for being a nuisance and potential threat is inconsistent with shooting him
because he is attempting to retrieve a gun to shoot Appellant at that moment. Thus, Appellant’s trial
testimony conflicted with his prior statements. The State was authorized to use this conflict to
impeach Appellant. See Turner, 719 S.W.2d at 193; Sanchez, 707 S.W.2d at 582. The State was
not referring to Appellant’s post-arrest silence but to his conflicting stories. We overrule Appellant’s
sole issue.
Disposition
            We affirm the trial court’s judgment.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered October 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.








(DO NOT PUBLISH)