Affirmed and Memorandum Opinion filed May 22, 2007








Affirmed and
Memorandum Opinion filed May
22, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00234-CR

NO. 14-06-00235-CR

____________

 

ARTURO IRLAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause Nos. 04CR0183
& 04CR0184



 

M E M O R A N D U M  O P I N I O N

Challenging his convictions for aggravated assault and
manslaughter, appellant Arturo Irlas contends the trial court abused its
discretion in admitting evidence of extraneous offenses. He also complains
about the law enforcement investigation of the vehicular collision that formed
the basis of the charges against him.  We affirm.

                         I. Factual and Procedural
Background








Appellant was charged by indictment with the  aggravated
assault of his common-law wife, Devina Garcia, and the murder of her companion,
Santana Trigo.  The deadly weapon identified in the indictment was appellant=s automobile. 
Appellant was driving behind Garcia=s truck when he
rear-ended her, striking the right corner of the vehicle and causing it to
crash into a large oak tree, which injured Garcia and killed Trigo, who was a
passenger in her truck at the time of the collision. 

Following voir dire, appellant pleaded Aguilty@ to aggravated
assault and to a reduced charge of manslaughter, and Atrue@ to the
enhancement paragraphs in both cases, which increased the punishment range of
each offense to that of a first-degree felony.  Appellant waived his right to a
jury trial on punishment, opting instead for the court to decide his punishment
in both cases.         

During the punishment hearing that followed, the State
introduced evidence of a threat appellant made to Garcia, and a tape recording
of Garcia=s 9-1-1 telephone call.  Appellant objected on the
basis that these acts were extraneous offenses and, therefore, inadmissible. 
Although the State had listed both incidents in its extraneous-offense
pre-trial notice, the State argued at trial that the acts were not extraneous
offenses because they were part of the same transaction that led to appellant=s conduct the
morning of the deadly collision. Appellant sought a hearing to determine
whether the State=s notice was timely and whether the State
had sufficient proof of these offenses.  The trial court concluded that the
State=s notice was
timely and that, because the case was before the trial court and not a jury, no
separate hearing was necessary.  The trial court further stated that it could Acompartmentalize
that evidence,@ and reserve its judgment until all of the evidence
was heard.  At the conclusion of the punishment hearing, the trial court
sentenced appellant to thirty years= confinement in
both causes, with the sentences to run concurrently.

II. Issues and Analysis

A.        Admission of
Extraneous-Offense Evidence








In his
first issue, appellant contends the trial court erred in admitting evidence of
extraneous offenses.  More specifically, within this issue, appellant raises
three separate sub-issues: (1)  the trial court erred in admitting evidence of
the threat to kill Garcia, (2) the State=s notice of its intent to use
extraneous offenses was untimely, and (3) the trial court erred in failing to
conduct a preliminary hearing on admissibility of the extraneous offenses.  We
address each sub-argument separately. 

Although
appellant contends the trial court erred in admitting extraneous offenses,  he
offers argument with respect to only one offenseCthe alleged threat made by appellant
to Garcia shortly before the collision.[1]   This
evidence came from two sources: (1) the 9-1-1 tape of Garcia calling from her
vehicle to report that appellant was chasing her down and rear-ending her
vehicle with his own, and that he had threatened to kill her, and (2) Garcia=s testimony that the evening before
the collision, appellant called her and threatened her life with the following
statement: AVina, I hope you got fC in the aB, because when you walk out in the morning, you=re dead.@  

Several months before trial, appellant=s trial counsel
had requested the State give notice of its intent to introduce
extraneous-offense evidence at trial.  More than six months later, the State
provided its notice which included a list of eleven extraneous offenses it
planned to introduce.  The trial court conducted a pretrial hearing at which
time appellant urged several motions in limine in regard to the admissibility
of the extraneous offenses.  At trial, the State sought to introduce evidence
of appellant=s phone call to Garcia, as well as a phone call by
Garcia to the police,[2]
both of which were identified before trial and show that on the night of the
deadly collision, appellant threatened Garcia=s life.  Appellant=s counsel objected
to the use of this evidence, stating that the incidents had not been proved and
that  they were not adjudicated offenses.  On appeal, the State contends this
evidence did not amount to extraneous-offense evidence because the acts in
question were part of the same transaction. 








We review a trial judge=s decision to
admit or exclude evidence under an abuse-of-  discretion standard.  Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.  2001).  Absent an abuse of
discretion, we do not disturb a trial judge=s ruling on the
admissibility of evidence.  See Wyatt v. State, 23 S.W.3d 18, 27 (Tex.
Crim. App. 2000).  We view the evidence in the light most favorable to the
trial judge=s ruling.  See Corbin v. State, 85 S.W.3d 272,
282 (Tex. Crim. App.  2002). 

When
extraneous‑offense evidence is indivisibly connected to the charged
offense, it may be admissible to provide context for the offense.  Lockhart
v. State, 847 S.W.2d 568, 571 (Tex. Crim. App.1992);  Mayes v. State,
816 S.W.2d 79, 86B87 n.4 (Tex. Crim. App. 1991).  Likewise, when an offense is
one continuous transaction, or is closely interwoven with the case on trial,
proof of all such facts is proper.  Mayes, 816 S.W.2d at 86.  This
result follows because evidence of this nature is admissible to show the
context in which the criminal act occurred.  Id.  This context permits
the trier of fact to realistically evaluate the evidence because Acrimes do not occur in a vacuum.@  Wilkerson v. State, 874
S.W.2d 127, 131 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d).  We conclude that appellant=s threat against Garcia was
admissible as same-transaction contextual evidence to show one continuous
episode and to help the jury understand the context and background in which the
events transpired.  See Prible v. State, 175 S.W.3d 724, 732 (Tex. Crim.
App.  2005) (concluding that the extraneous-offense evidence Afills in gaps of the interwoven
events and consequences of [the co‑conspirators=] criminal conduct and thus helps the
jury to understand the case in context@); see also Tex. Code Crim. Proc. Ann. art.
37.07(3)(a)(1) (Vernon Supp. 2005) (concluding that A[r]egardless of the plea and whether
the punishment be assessed by the judge or the jury, evidence may be offered by
the state and the defendant as to any matter the court deems relevant to
sentencing, including but not limited to the prior criminal record of the
defendant, his general reputation, his character, an opinion regarding his
character, the circumstances of the offense for which he is being tried@).  Therefore, the trial court did
not abuse its discretion in admitting this evidence. 








In his
second argument, appellant seems to contend that the State=s notice of its intent to use
extraneous offenses was untimely.  During the pretrial motion hearing,
appellant objected that the State=s notice was untimely, but deferred
argument on this point to a later date, stating that he would argue whether the
timeliness was sufficient when it came up during the trial.   The trial court
correctly recognized this objection as a pretrial motion in limine.  Appellant
did not request or receive a ruling on this motion.  During the punishment
trial, appellant raised this objection again, and the trial court sustained
it.  Appellant=s pretrial motion in limine did not preserve error, and when appellant
raised the objection again, the trial court issued a favorable ruling.  After
the trial court sustained appellant=s objection, appellant did not make
any further objection.  Appellant received no adverse ruling.  Thus, as to this
argument, we conclude that appellant has not preserved any error for appeal. See
Turner v. State, 719 S.W.2d 190, 194 (Tex. Crim. App.  1986) (concluding
that to preserve error for review the defendant must object until receiving an
adverse ruling). 

In his
final argument, appellant contends the trial court erred in failing to conduct
a preliminary hearing regarding the admissibility of the extraneous offenses.  
Appellant argues that Texas Rule of Evidence 404(b) requires the trial court to
conduct a formal oral hearing to determine the admissibility of
extraneous-offense evidence.  During the pretrial motion hearing, appellant
made a motion in limine urging the trial court to exclude all evidence of the
extraneous offenses listed in the State=s notice.  He further urged the trial
court to rule that if the State intended to introduce evidence of any of these
offenses at trial, it would conduct a hearing to determine whether the offenses
are supported by evidence beyond a reasonable doubt.  The trial court, however,
made no ruling at that time and appellant voiced no objection to the court=s failure to rule.  Later, during the
punishment hearing, when the State attempted to introduce evidence of the
offenses, appellant again objected, stating that the trial court should conduct
a preliminary hearing to resolve the matter.  The trial court overruled
appellant=s objection and stated that because the trial was to the court, the
hearing was effectively being held during trial.  The trial court explained
that it would be able to evaluate all of the evidence and determine what
evidence met the beyond-a-reasonable -doubt standard. 

There is
no requirement that the trial court hold a formal hearing on the admissibility
of extraneous-offense evidence during a bench trial.  See Welch v. State,
993 S.W.2d 690, 697 (Tex. App.CSan Antonio 1999, no pet.) (holding that admissibility of extraneous
offenses did not require a hearing at the punishment phase of proceedings).   Instead, the trial court may make the
determination as to admissibility based on evidence presented without
conducting a formal hearing.  Thus, we conclude that appellant=s argument lacks merit.  

Having
rejected all of appellant=s arguments under this issue, we overrule his first issue. 








B.        Investigation of the
Collision

In his second issue, appellant states that the
investigation conducted by the Galveston County Sheriff=s Department was
inadequate, incomplete, and negligent.  Appellant contends that investigators
had a duty to investigate the deadly collision thoroughly and that they
breached this duty, which caused him to suffer damages in the form of his Aloss of freedom.@  Appellant
appears to be advancing arguments typically made in a civil context.  He has
not cited any legal authorities to support or explain how this type of claim
would be cognizable in criminal proceedings.[3] 


An appeal is wholly frivolous and without merit when it Alacks any basis in
law or fact.@  McCoy v. Court of Appeals, 486 U.S. 429, 439
n.10, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).   Arguments are frivolous when
they Acannot conceivably
persuade the court.@ Id. at 436;  Stafford v. State,
813 S.W.2d 503, 509B11 (Tex. Crim. App. 1991).  We conclude
that appellant=s second issue is not based on arguable grounds, and
lacks merit in the context of these appeals from criminal convictions.  
Moreover, even if this claim were cognizable in the context of an appeal from
criminal convictions, we could find no merit in it because appellant failed to
preserve error by raising these matters in the trial court.  He also waived his
complainant by failing to support his arguments with proper legal authority. [4] 
See Tex. R. App. P.  38.1.  
For all of these reasons, we overrule his second issue. 

The trial court=s judgment is
affirmed.

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed May 22, 2007.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]    Because appellant offers no arguments as to any of
the other offenses listed in the State=s
notice, we conclude that any error in the admission of these offenses was not
preserved. See Rocha v. State, 16 S.W.3d 1, 20 (Tex. Crim. App. 2001)
(concluding that when a [defendant] fails to discuss the argument on appeal, he
presents nothing for review).  Thus, in this appeal, we do not address any of
the other extraneous offenses listed in the State=s notice.





[2]  The State filed an amended notice approximately
three days prior to trial, but this amended notice did not add any new offenses
and only corrected some clerical mistakes. 





[3]  Appellant relies on two cases, one of which he cites
to the concurring opinion, and the other is a wrongful-death action in a civil
case. See Rodriguez v. State, 191 S.W.3d 428, 462 (Tex. App.BCorpus Christi 2006, pet. ref=d) (Castillo, J. concurring); City of Sugarland v.
Ballard, 174 S.W.3d 259, 266 (Tex. App.CHouston
[1st Dist.] 2005, no pet.) (reversing the city=s plea to the jurisdiction on grounds of sovereign immunity).  We
conclude that neither of these cases supports his argument. 





[4]  Appellant cites two cases, neither of which are on point.